1
2
3
4
5
6
7
8
9

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JERRY W. BAKER,

11              Plaintiff,                 No. 2:12-cv-0404 WBS EFB P

12        vs.

13   V. JONES, et al.,

14              Defendants.                ORDER

15   _____/

16        Plaintiff is a former county inmate proceeding pro se with this civil rights action under 42

17   U.S.C. § 1983.  In addition to filing a complaint, plaintiff has filed an application to proceed in

18   forma pauperis.  Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1)

19   and (2), and is therefore granted.

20        Federal courts must engage in a preliminary screening of cases in which prisoners seek

21   redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

22   § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion

23   of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

24   relief may be granted," or "seeks monetary relief from a defendant who is immune from such

25   relief."  *Id.* § 1915A(b).

26   ////

1       In order to avoid dismissal for failure to state a claim a complaint must contain more than

2  "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause

3  of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557 (2007).  In other words,

4  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

5  statements do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

6       Furthermore, a claim upon which the court can grant relief has facial plausibility.

7  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual

8  content that allows the court to draw the reasonable inference that the defendant is liable for the

9  misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.  When considering whether a complaint states a

10  claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*

11  *Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to

12  the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

13       A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal

14  Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain

15  statement of the claim showing that the pleader is entitled to relief, in order to give the defendant

16  fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*,

17  550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

18       The court has reviewed plaintiff's complaint pursuant to § 1915A and finds it does not

19  state a cognizable claim.  The complaint alleges that jail employees are violating plaintiff's

20  rights by denying him prescription glasses to alleviate his impaired vision and migraine

21  headaches.  Plaintiff purports to bring claims under the Eighth Amendment and the Americans

22  with Disabilities Act.  The court finds that the allegations in plaintiff's complaint are too vague

23  and conclusory to state a cognizable claim for relief.  Although the Federal Rules adopt a

24  flexible pleading policy, a complaint must give fair notice and state the elements of the claim

25  plainly and succinctly.  *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984).

26  Plaintiff must allege with at least some degree of particularity overt acts which defendants

1   engaged in that support plaintiff's claim.  *Id.*  Because plaintiff fails to plausibly state a claim for

2   relief, the complaint must be dismissed.  The court will, however, grant leave to file an amended

3   complaint.

4          In order to state a claim that a public program or service violated Title II of the ADA, a

5   plaintiff must show: (1) he is a "qualified individual with a disability"; (2) he was either

6   excluded from participation in or denied the benefits of a public entity's services, programs, or

7   activities, or was otherwise discriminated against by the public entity; and (3) such exclusion,

8   denial of benefits, or discrimination was by reason of his disability.  *McGary v. City of Portland*,

9   386 F.3d 1259, 1265 (9th Cir. 2004).  An ADA plaintiff also "bears the burden of establishing

10  the elements of the prima facie case, including--if needed--the existence of a reasonable

11  accommodation that would enable him to participate in the program, service, or activity at

12  issue."  *Pierce v. County of Orange*, 526 F.3d 1190, 1217 (9th Cir. 2008) (internal quotation

13  marks omitted).  Plaintiff has not sufficiently alleged that any defendant discriminated against

14  him or denied him benefits because of his alleged disability.

15         To state a claim for violation of the Eighth Amendment based on inadequate medical

16  care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate

17  indifference to serious medical needs."  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  To prevail,

18  plaintiff must show both that his medical needs were objectively serious, and that defendant

19  possessed a sufficiently culpable state of mind.  *Wilson v. Seiter*, 501 U.S. 294, 297-99 (1991);

20  *McKinney v. Anderson*, 959 F.2d 853, 854 (9th Cir. 1992).  A serious medical need is one that

21  significantly affects an individual's daily activities, an injury or condition a reasonable doctor or

22  patient would find worthy of comment or treatment, or the existence of chronic and substantial

23  pain.  *See*, *e.g.*, *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other*

24  *grounds by WMX Techs. v. Miller*, 104 F.2d 1133, 1136 (9th Cir.1997) (*en banc*).  Plaintiff has

25  not sufficiently alleged that any defendant acted with the requisite deliberate indifference for an

26  Eighth Amendment claim or that the acts or omissions of any defendant caused him any injury.

1    Plaintiff will be granted leave to file an amended complaint, if plaintiff can allege a

2  cognizable legal theory against a proper defendant and sufficient facts in support of that

3  cognizable legal theory.  *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)

4  (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in

5  their complaints).  Should plaintiff choose to file an amended complaint, the amended complaint

6  shall clearly set forth the claims and allegations against each defendant.

7    Any amended complaint must cure the deficiencies identified above.  Additionally, any

8  amended complaint must be complete in itself without reference to any prior pleading.  E.D. Cal.

9  Local Rule 220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an

10  amended complaint, the original pleading is superseded.  Plaintiff  may not change the nature of

11  this suit by alleging new, unrelated claims in an amended complaint.  *George v. Smith*, 507 F.3d

12  605, 607 (7th Cir. 2007) (no "buckshot" complaints).

13    Accordingly, the court hereby orders that:

14    1.  Plaintiff's request to proceed in forma pauperis is granted.

15    2.  The complaint is dismissed with leave to amend within 30 days.  The amended

16  complaint must bear the docket number assigned to this case and be titled "First Amended

17  Complaint."  Failure to comply with this order will result in a recommendation that this action be

18  dismissed for failure to state a claim. If plaintiff files an amended complaint stating a cognizable

19  claim the court will proceed with service of process by the United States Marshal.

20  Dated:  June 25, 2012.

21  

22  EDMUND F. BRENNAN
    UNITED STATES MAGISTRATE JUDGE

23  

24  

25  

26